# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| Cytec Carbon Fibers LLC; Cytec, Engineered Materials Inc., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Jonathan Hopkins; R&H Investments, LLC; )<br>H&H Construction & Development, Inc.; )<br>Scott McAllister; Helm Builders, LLC; )<br>Sewell W. Crisman, IV; Carolina )<br>Consulting Engineers, Inc.; and Carolina )<br>Construction Management Consultant, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:11-0217-RMG-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

       This action has been filed by the Plaintiffs against numerous Defendants alleging fraud, RICO, unfair trade practices, and other claims arising out of various construction projects. Plaintiffs have filed a motion to strike pleadings and for a default judgment against the remaining Defendants[1] (herein referred to as "the Defendants").[2] Plaintiffs assert in their motion that these Defendants have "consistently failed to provide documents they have admitted remain in their

---

[1] Four Defendants - Jonathan Hopkins, H&H Construction and Development Inc., Helm Builders, LLC, and R&H Investments, LLC, are already in default. <u>See</u> Court Docket Nos. 84, 85.

[2] Since Plaintiffs are, in part, seeking a default against some of the named Defendants, which is dispositive, a Report and Recommendation is being entered for review by the Court, rather than an order. 28 U.S.C. § 636(b)(1)(A).

1



possession, have refused to provide any formal responses to discovery, have deleted important text messages directly related to this case, and have generally stonewalled discovery . . . ." See Plaintiff's Motion to Strike Pleadings and For Default Judgment, p. 3.

On September 24, 2012, Defendants Crisman, Carolina Construction Engineers, Inc., and Carolina Constructions Management Consultants filed a response to the motion, detailing certain actions they have taken to participate in discovery in this case and to distinguish their conduct in pretrial discovery from the Defendants McAllister and Helm Builders, LLC. On September 27, 2012, Defendants Scott McAllister and Helm Builders, LLC filed a response to the motion. Plaintiffs filed a reply to both responses on October 1, 2012.

**(Defendants Crisman, Carolina Construction Engineers, Inc., and Carolina Construction Management Consultants)**

With regard to Defendant Crisman, Plaintiffs assert that "[t]he primary act justifying the relief requested is the deletion of . . . requested text messages between Defendant Crisman and pro se Defendant Jonathan Hopkins - co-conspirators in the alleged fraud." See Plaintiffs' Reply Memorandum [Court Docket No. 153], p. 2.³ Federal District Courts are vested with a wide range of inherent powers that allow them to govern their courtrooms and all litigation processes before them. Chambers v. Nasco, 501 U.S. 32, 43 (1991). An example of these inherent powers is the discretionary power of a Federal District Court to levy appropriate sanctions against a party who prejudices its opponent through the spoliation of evidence that the spoliating party had reason to

---

³Plaintiffs also seek information requesting clarification on the organization of the documents previously supplied, which was apparently ordered by Judge Gergel on August 27, 2012. See Plaintiffs' Reply, pp. 1-2. That issue is discussed separately. See discussion, infra.



know was relevant to litigation. Glover v. BIC Corporation, 6 F.3d 1318 (9th Cir. 1993).[4] Spoliation is a form of destruction; if evidence is intact, it has not been spoliated. Nucor Corp. v. Bell, 251 F.R.D. 191, 203-204 (D.S.C. 2008). In order to sanction a party to litigation for spoliation of evidence, the Court must determine first whether or not there was a duty to preserve the evidence at issue. Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y.1991). If a duty existed, the Court must also consider the prejudice suffered by the non-spoliating party and the level of culpability of the spoliator.

A party bringing a motion for sanction based on spoliation of evidence bears the burden of establishing three independent elements before the Court may determine which sanction, if any, is appropriate. These three elements are as follows:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107-08 (2d Cir. 2002).

**Element One**: A party has a duty to preserve evidence during litigation and at any time "before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." Silvestri v. General Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001) (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)). Plaintiffs have the burden of establishing that at the time the text messages at issue were deleted, that Crisman had control of the

---

[4] In their briefs, the parties address this motion under the Fourth Circuit's four-part test from Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-505 (4th Cir. 1977). However, since this motion involves an allegation of spoliation of evidence, it is necessary to address that issue first before discussing the Wilson test. See discussion, infra.



telephone and was under an obligation to preserve all the text messages. Here, it is not contested that Crisman knew or should have known that he had a duty to preserve all text messages relevant to this lawsuit. Indeed, Crisman contends that he was trying to download the messages from his phone to his computer for production to the Plaintiffs when they were inadvertently deleted. See Crisman Affidavit, ¶¶ 2-6. Therefore, the first element of spoliation has been satisfied.

**Element Two:** Plaintiffs also have the burden of establishing that the destruction of the evidence at issue was accompanied by Crisman having a culpable state of mind. In other words, the spoliating party must have acted with the requisite level of intent, the extent of which will affect the nature of any sanction imposed.

Willful spoliation occurs when a party has clear notice of an obligation to preserve evidence and proceeds to intentionally destroy evidence in spite of its obligation not to. Computer Associates Int'l.v. American Fundware, Inc., 133 F.R.D. 166, 170 (D. Colo., 1990). However, "willfullness" is not required in order to satisfy the "culpable state of mind" factor. The moving party need only show that the evidence was destroyed "knowingly, even without intent [to breach a duty to preserve it], or negligently." Byrnie v. Town of Cromwell, 243 F. 3d 93, 107-112 (2d Cir. 2001). Further, while some courts require a showing of bad faith in order to impose sanctions, "the Fourth Circuit requires only a showing of fault, with the degree of fault impacting the severity of the sanctions." Sampson v. City of Cambridge, Maryland, 251 F.R.D. 172, 179 (D.Md. 2008) (citing Silvestri, 271 F.3d at 590.).

Here, Crisman argues that the deletion of the messages was accidental and that he not only contacted Apple and Verizon regarding the deleted messages, but that he also executed authorizations for Plaintiffs to directly contact Verizon to determine if the messages could be

4



retrieved (which it appears uncontested that they cannot be). Hence, the text messages were deleted, at a minimum, due to Plaintiff's apparent negligence. See Crisman Affidavit, ¶¶ 2-6. Therefore, the evidence before the Court shows that Plaintiff's conduct satisfies at least the required minimum level of culpability needed for spoliation sanctions to be imposed. Byrnie, 243 F.3d at 107-112 [Negligence enough]; Sampson, 251 F.R.D. at 179 [Only a showing of fault is required].

**Element Three**: Plaintiffs also have the burden of establishing that the messages on the phone were relevant to their claims, to the extent that a reasonable factfinder could conclude that the deleted text messages would have supported Plaintiffs' claims. For purposes of a spoliation analysis, the proper standard for "'relevant' means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. Ordinarily, "the party seeking an adverse inference sanction must adduce sufficient evidence from which a reasonable trier of fact could infer that 'the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction.'" Residential Funding, 306 F.3d at 109 (quoting Kronisch v. United States, 150 F.3d 112, 127 (2d Cir. 1998)); Brynie, 243 F.3d at 110.

"A failure to preserve documents in bad faith, such as intentional or willful conduct, alone establishes that the destroyed documents were relevant." Sampson, 251 F.R.D. at 179. "The reason relevance is presumed following a showing of intentional or willful conduct is because of the logical inference that, when a party acts in bad faith, he demonstrates fear that the evidence will expose relevant, unfavorable facts." Sampson, 251 F.R.D. at 179 (citing Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995); see also Residual Funding, 306 F.2d at 109. Here, however, there is no evidence of willful or intentional conduct. Rather, the deletion of the evidence at issue was apparently through inadvertence or negligence. Crisman Affidavit, ¶¶ 2-6. As for

5



relevance, Crisman attests that in his deposition when he was asked if he had any communications with the Defendant Hopkins, he told Plaintiffs' counsel that he had received a few text messages from Hopkins and agreed to make them available to Plaintiffs' counsel. See Crisman Affidavit, ¶ 2. Crisman then attests that "[t]hose text messages were only messages received after this litigation started, and after the Plaintiffs had performed their forensic analysis. I informed Mr. Hopkins that I did not want to have any communications with him as a result of his actions that entangled me in this lawsuit." See Crisman Affidavit, ¶ 6. Crisman further argues in his brief that even "[a]ssuming that the text messages contained any evidence at all, that evidence would be merely cumulative and in no way would change the ultimate conclusion of the expert report, forensic investigation, or the Plaintiffs' allegations." See Response Memorandum, p. 4.

However, this conclusory assertion by Crisman is not sufficient to show that this evidence was not relevant and could not have benefitted the Plaintiffs. Cf. Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006)["[B]ecause 'the relevance of . . . [destroyed] documents cannot be clearly ascertained because the documents no longer exist,' a party 'can hardly assert any presumption of irrelevance as to the destroyed documents,'"] (quoting Alexander v. Nat'l Farmers Org., 687 F.2d 1173, 1206 (8th Cir. 1982)). If fact, Crisman does not even assert that the messages were not relevant. Rather, he simply argues that since they were cumulative, the deletion of them would not have prejudiced the Plaintiffs. Therefore, the undersigned finds that a reasonable factfinder could conclude that the lost text messages would have supported Plaintiffs' claims. Kronisch, 150 F.3d at 127.

**Sanctions to be Imposed as a Result of Spoliation**. Having concluded that the Plaintiffs have properly established the required elements of spoliation, the next step is to determine

6



the appropriate sanction to be imposed. Sampson, 251 F.R.D. at 180 [Where "the [spoliation elements] are met, then any sanctions imposed must suit 'the purpose of leveling the evidentiary playing field and . . . the purpose of sanctioning the improper conduct.'"] (quoting Vodusek, 71 F.3d at 156). Plaintiffs seek entry of a default judgment as the appropriate sanction for spoliation; however, "[d]efault judgment is a harsh sanction and district courts should be reluctant to impose that penalty." Nucor, 251 F.R.D. at 201. See also Loveless v. John's Ford, Inc., 232 Fed. Appx. 229, 236 (4th Cir. 2007) (stating a severe sanction such as dismissal "should only be imposed when a lesser sanction will fail to serve the foregoing purposes "[l]eveling the evidentiary playing field"]). Default, like a dismissal, is a severe sanction and "should be avoided if a lesser sanction will perform the necessary function." Silvestri, 271 F.3d at 591.

In determining which sanction is appropriate, "there is no single test or set of considerations that has been developed to apply to circumstances of spoliation. . . . 'Determination of the correct sanction for a discovery violation is a fact-specific inquiry,' [Ehrenhaus v. Reynolds, 965 F.2d 916, 919 (10th Cir. 1992)], and in making such a determination trial courts are accorded broad discretion." Trigon Ins. Co. v. United States, 204 F.R.D. 277, 287-88 (E.D. Va. 2001)(quoting Gates Rubber Co. v. Bando Chemical Industries, Ltd., 167 F.R.D. 90, 102 (D.Colo. 1996)). A key factor courts consider in determining which, if any, spoliation sanction is appropriate is the "degree of prejudice suffered by the opposing party . . . . ;" Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994); see also Almarri v. Gates, No. 2:05-2259, 2008 WL 4449858 at ** 2-3 (D.S.C. Oct. 2, 2008); and in order to evaluate the extent of prejudice caused to a moving party, courts consider the amount and nature of the additional available evidence. See, e.g., Nucor, 251 F.R.D. at 202; Powell v Town of Sharpsburg, 591 F. Supp. 2d 814, 821(E.D.N.C. 2008)[giving an adverse

7



inference instruction when spoliated documents constituted only a part of "a collection of evidence" the jury would consider].

Based on the fact that the Plaintiffs have access to other evidence which will likely support their claims,[5] the undersigned concludes that if a sanction is to be imposed due to the deletion of these text messages, an adverse inference jury instruction is the more appropriate sanction to be imposed, rather than a default judgment, and recommends that the trial judge consider an adverse jury instruction in this case if a sanction is deemed necessary. Cf. Nucor, 251 F.R.D. at 194 [A lessor sanction of an adverse inference jury instruction does not require a showing of bad faith, and is appropriate if the spoliator's "willful conduct resulted in [the evidence's] loss or destruction."], (quoting Vodusek, 71 F.3d at 156) (citing Nation-Wide Check Corp. v. Forest Hills Distribs., Inc., 692 F.2d 214, 217-18 (1st Cir. 1982)); see also Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004) [adverse inference instruction may be imposed in absence of bad faith]; Sharpsburg, 591 F.Supp.2d at 821.

Finally, Plaintiffs also seek information from Crisman requesting clarification on the organization of the documents previously supplied, which was apparently ordered by Judge Gergel on August 27, 2012. See Plaintiffs' Reply, pp. 1-2. If he has not already done so, Crisman should comply with Judge Gergel's August 27, 2012 order within seven (7) days of the date of any order adopting this Report and Recommendation, unless contrary instructions are otherwise set forth in that order. Further, as Crisman failed to comply with the Court's previous order, an assessment of

---

[5]It is noted that Plaintiffs state in their reply brief that "Plaintiffs' forensic accounting report from Ernst & Young does provide significant accounting support for Plaintiffs' allegations." Plaintiffs' Reply Brief, p. 3.

8



fees and costs should be considered as a sanction for Plaintiffs' having had to file this second motion.[6] Crisman is also specifically warned that failure to comply with any new instructions may result in the imposition of additional sanctions, including monetary sanctions and/or the entry of a default judgment as to him. See discussion, infra [outlining appropriate sanctions for failure to comply with Court's orders regarding discovery].[7]

### (Defendant McAllister)

Although Defendants McAllister and Helm Builders, LLC, discuss an alleged conflict of interest as way of background information in their memorandum, this issue is not presently before the Court and, therefore, is not being addressed herein. With regard to the discovery issues, these Defendants point out that certain individuals have been deposed, and concerning the written discovery, they represent,

> [v]irtually all of the documents requested by the Plaintiffs in discovery is already in the possession of the Plaintiffs, with the exception of some documentation regarding the financial condition of Helm Builders, which the Plaintiffs are well aware of as well. In addition Helm Builders voluntarily agreed that should any additional documentation be found responsive to the Plaintiffs discovery requests that Helm Builders would voluntarily submit to additional depositions on these issues.

Helms Builders also contends that the conflict of interest issue created an objection

---

[6]Plaintiffs should file an affidavit of fees and costs addressing this issue for the Court's consideration in the event the Court determines imposition of such a sanction is warranted.

[7]It is not clear whether Plaintiffs' discovery requests to Carolina Construction Engineers are still outstanding, as there is no pending motion to compel, and the Defendants Carolina Construction Engineers, Inc. and Carolina Construction Management Consultants were not referenced in Judge Gergel's August 27, 2012 order. If, however, Carolina Construction Engineers still has outstanding discovery to which it has not responded, discovery responses should be provided by this Defendant to the Plaintiffs within ten (10) days of the date of this Report and Recommendation. In light of the file history, a failure to do so will be considered a sanctionable event. No further action is necessary as to these Defendants at this time.



to certain discovery materials and that they have not abused the discovery process. However, when Plaintiffs' motion to compel as to these Defendants was filed on August 6, 2012, these Defendants did not respond, and on August 27, 2012, Judge Gergel ordered Defendants Crisman, Helm Builders, LLC, and McAllister to either respond to the discovery requests at issue in the relevant motions to compel or to submit privilege logs within seven (7) days of the date of his order. These Defendants apparently did not comply with Judge Gergel's order, nor did they timely file a motion to reconsider asserting any reasons for why they could not comply. The Plaintiffs then filed the current motion to strike pursuant to Rule 37(b), Fed. R.Civ.P., asserting therein that, notwithstanding the Court's Order of August 27, 2012, Defendants Helm Builders, LLC, and McAllister had failed to answer or respond to the Plaintiffs' discovery requests. In addition to seeking to strike these Defendants' pleadings and have them held in default,[8] Plaintiffs request fees and costs incurred as a result of having to file this motion.

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including entering a default judgment. The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine when and what sanctions are appropriate under Rule 37, Fed.R.Civ.P. Wilson, 561 F.3d at 503-505. The Court must consider (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the non-compliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. Id.

---

[8] Although Plaintiffs reference Helm Builders, LLC in their motion, this Defendant is already in default. See footnote 1, supra.



The record in this case shows that these Defendants have failed to respond to the Plaintiffs' discovery requests, have failed to file responses to motions of the Plaintiffs, and have failed to comply with the Court's order concerning discovery. In their reply, Plaintiffs also state that Defendant McAllister has failed to comply with the Court's order to reimburse Plaintiffs for stalled depositions. See Reply Memorandum, p. 7; see also Court's order dated September 19, 2012. Although these Defendants now attempt to argue that a conflict of interest justified their not complying with certain discovery requests, they did not raise this issue in a response in opposition to Plaintiffs' motion to compel or in a response in opposition to Plaintiffs' motion for costs against Defendant McAllister. They have also failed to timely move for the Court to reconsider either of its orders on this basis. Hence, the undersigned finds that these Defendants have acted in bad faith in not responding to discovery requests and motions, and in failing to comply with this Court's orders. Therefore, Plaintiffs meet the first and third prongs of the Fourth Circuit's four prong test.

While these Defendants have engaged in the conduct described herein, the continuation of this action in this manner has caused the Plaintiffs to incur continuing costs and expenses associated with filing its motions to compel, for costs, and to strike in this lawsuit. Further, these Defendants' failure to cooperate in discovery has prejudiced the Plaintiffs' ability to ascertain the facts and prepare its prosecution of its claims in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

As for the fourth prong of the Fourth Circuit's four prong test, the record in this file shows that these Defendants failed to respond to notices and filings received from the Plaintiffs, have failed to provide responses to discovery requests, and have failed to comply with instructions from the Court. Defendant Helm Builders, LLC, is already in default; therefore, that is not an issue with

11



respect to that Defendant. Defendant McAllister did respond to Plaintiffs' motion to strike and for default, and states that much of the discovery Plaintiffs seek is already in Plaintiffs' possession and that Defendants will also participate in further discovery if necessary. Defendants' Response Brief, p. 8. Therefore, with regard to Defendant McAllister, the Court finds that a less drastic remedy may be appropriate, with the sanction of default held in abeyance pending compliance by McAllister with a less drastic remedy.

Specifically, McAllister should be required to 1) provide responses to all outstanding discovery requests within ten (10) days of the date of any order adopting this Report and Recommendation; 2) pay Plaintiffs' fees and costs incurred for having to file the current motion (note: only the amount of fees and costs chargeable to this Defendant), also within this ten (10) day period;[9] and 3) pay the fees and costs set forth in the Court's order of September 19, 2012, again within this same ten (10) day period. If McAllister complies with these requirements, Plaintiffs' motion should otherwise be denied. However, if McAllister fails to do so, an order of default should be entered against this Defendant. Cf. Ballard v. Carlson, 882 F.2d 93, 95-96 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning], cert. denied sub nom.; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

---

[9]Plaintiffs' counsel should prepare and file an affidavit of fees and costs for consideration by the Court.



**(Conclusion)**

Based on the foregoing, Plaintiffs' motion to strike pleadings and for a default judgment should be **granted**, in part, and **denied**, in part, as set forth more fully hereinabove.

The parties are referred to the notice page attached hereto.

**IT IS SO ORDERED.**

_____
Bristow Marchant
United States Magistrate Judge

October 22, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

