IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Cytec Carbon Fibers, LLC; and Cytec Engineered Materials, Inc., <br><br>  Plaintiffs, <br><br> vs. <br><br> Jonathan Hopkins; R&H Investments, LLC; H&H Construction & Development, Inc.; Scott McAllister; Helm Builders, LLC; Sewell W. Crisman, IV; Carolina Consulting Engineers, Inc.; Carolina Construction Management Consultant, <br><br>  Defendants. | No. 2:11-cv-0217-RMG <br><br> **ORDER** |

Plaintiffs Cytec Carbon Fibers, LLC and Cytec Engineered Materials, Inc. brought this action for fraud, RICO, unfair trade practices and other claims alleging Defendants submitted "inflated payment requests for unnecessary construction-related goods and services" as well as payment requests "for services that were never performed or even intended to be performed." (Dkt. No. 1 at 1). This matter was automatically referred to a Magistrate Judge for all pre-trial proceedings, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

## Background

On September 5, 2012, Plaintiffs moved the Court to strike the pleadings of certain defendants and to issue default judgments against those defendants, pursuant to Federal Rule of Civil Procedure 37(b)(2), for failure to comply with the Court's discovery order. (Dkt. No. 140). Specifically, Plaintiffs argue that those Defendants have "consistently failed to provide

documents they have admitted remain in their possession, have refused to provide any formal responses to discovery, have deleted important text messages directly related to this case, and have generally stonewalled discovery." (*Id.* at 3).

Since Plaintiffs are seeking a default judgment against Defendants, *see* 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge issued a Report and Recommendation (R&R) on the motion, doing so on October 22, 2012. (Dkt. No. 158). The Magistrate Judge recommended that Plaintiffs' motion to strike pleadings and for default judgments should be granted in part and denied in part, in accordance with the following specific recommendations:

> (1) Some sanction is necessary due to Defendant Crisman's spoliation of evidence, and since default judgment with respect to Defendants Crisman, Carolina Construction Engineers, Inc., and Carolina Construction Management Consultant would be too harsh a sanction, the sanction of an adverse inference jury instruction for spoliation is appropriate, (*Id.* at 2-9);[1]
>
> (2) Defendant McAllister has violated Federal Rule of Civil Procedure 37, and should therefore be required to provide responses to all outstanding discovery requests and to pay Plaintiffs' costs associated with their discovery efforts, while the sanction of a default judgment is held in abeyance contingent on McAllister's compliance with those directions, (*Id.* at 9-12).[2]

---

[1] The Magistrate Judge also instructed Defendant Crisman to comply with the Court's August 27, 2012 order within seven (7) days of the issuance of this order, unless the Court offered "contrary instructions." (Dkt. No. 158 at 8). The Court offers no contrary instructions and expects Defendant Crisman to comply with the Magistrate Judge's direction.

[2] The Magistrate Judge also concluded that Defendant Helm Builders, LLC has violated Rule 37, but stated that the issue of sanction was not relevant because Helm is "already in default." (Dkt. No. 158 at 11-12). The Magistrate Judge also noted that Defendants Jonathan Hopkins, H&H Construction and Development, Inc., and R&H Investments, LLC, are in default. (*Id.* at 1 n.1; Dkt. Nos. 84, 85).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, this Court reviews the recommendations only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and is not required to give any explanation for adopting those recommendations, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

In addressing Plaintiffs' motion, the Magistrate Judge separated Defendants into two groups based on their participation and conduct in pretrial discovery. (*Id.* at 2). With respect to each group of Defendants, the Magistrate Judge accurately summarized the controlling case law and carefully recounted the proceedings in the case. (*Id.* at 3-13). As to the first group of Defendants, the Magistrate Judge recognized that the purpose of sanctions is to level the evidentiary playing field while sanctioning improper conduct, and recommended a moderate form of sanction that would achieve those ends without unduly punishing Defendants for conduct that might have been attributable to mere negligence. (Id. at 7-8). Similarly, though the Magistrate Judge concluded that the second group had "failed to respond to the Plaintiffs' discovery requests, have failed to file responses to the motions of the Plaintiffs, and have failed to comply with the Court's order concerning discovery," the Magistrate Judge nevertheless concluded that a "less drastic remedy" than immediate default judgment was appropriate for

Defendant McAllister. (*Id.* at 11-12). This Court finds that the Magistrate Judge correctly applied the law to the facts pertaining to each Defendant against whom this motion was filed, and concludes that the course of action recommended by the Magistrate Judge is proper "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## Conclusion

The Court, having fully reviewed the factual record, memoranda submitted by the parties, the Report and Recommendation and the applicable case law, hereby adopts the Report and Recommendation as the Order of the Court. Accordingly, Plaintiffs' motion to strike pleadings and for a default judgment is GRANTED in part and DENIED in part as set forth in the Magistrate Judge's Report and Recommendation.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 5, 2012